RICHARD A. WRIGHT, individually and as substituted administrator of the estate of Richard Wright, deceased, complainant,

*v.*

JOHN STAUBACH, executor of the estate of Flora Wright, deceased, defendant.

[Decided November 2d, 1925.]

Actions—Joining Two Actions—Under Present Rule—Under Rule 26 (Chancery) Complainant May Join Any Causes of Action Subject to Other Rule, and Under Rule 19 An Executor May Join His Personal Claim by Leave of Court, and Without Leave if Personal Claim Arose With Reference to Estate of Decedent—No Difficulty Found in Granting. Relief by a Single Decree if Complainant Sustains His Allegations.

*Messrs. Pomerehne, Laible & Kautz,* for the complainant.

*Messrs. Childs, Young & Howe,* for the defendant.

BACKES, V. C.

The bill discloses that Richard Wright died intestate, leaving a widow and the complainant, his son; that the widow was appointed administratrix; that upon the payment of the funeral bill and administration expenses certain cash on deposit in the name of the decedent was transferred to the name of the widow and the complainant; that later the com-

plainant gave to the widow additional moneys in trust, which she deposited to their joint credit; that the widow withdrew the funds so on deposit and converted them to her own use; that she died leaving a will bequeathing her estate to the defendant, Staubach, whom she appointed executor. The prayers are that the executor account and pay over what may be due to the complainant individually and also what may be due him as substituted administrator of his father's estate.

Under the old practice the joining of these actions would not be tolerated. Under rule 26 of this court (December 1st, 1916), "the complainant may join any causes of action," subject, however, to the provisions of other rules. Section 19 provides that by leave of the court a claim by an executor may be joined with his personal claims, and without leave of the court if his personal claim arose with reference to the estate of his decedent. The two actions are properly joined.

Section 59 requires that when separate causes of action are joined the statement of the second shall be prefixed with the words "second cause of action," and the several paragraphs should be numbered. The complainant has not observed this rule, but as the two causes of action are so closely related and arise out of the same state of facts, and are pleaded so that there can be no confusion, compliance with the rule will be dispensed with under rule No. 4, reserving that right to the court.

As I view the pleadings, the complainant claims two-thirds of the money of his father's estate deposited by his widow, administratrix to her and his joint account, on the theory, that the deposit was a part distribution of the estate and an appropriation by the administratrix to the use of herself and the complainant. He also claims the moneys entrusted by him to her and so deposited. As substituted administrator he seeks an accounting of his predecessor's stewardship.

If the complainant sustains the allegations of the bill there can be no difficulty in granting the relief by a single decree.

Motion denied.